UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEONTE McCOY,

    Plaintiff,

v.

NICHOLAS FOWLER, and
JARRAY ADAMS,

    Defendants.

Case No.  2:22-cv-12237
District Judge David M. Lawson
Magistrate Judge Kimberly G. Altman

_____/

## REPORT AND RECOMMENDATION
## TO DENY PLAINTIFF'S DECLARATION FOR ENTRY OF DEFAULT
## (ECF No. 26)

I.    Introduction

This is a prisoner civil rights case.  Plaintiff Deonte McCoy (McCoy), proceeding *pro se*, is incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan.  McCoy is suing defendants Corrections Officer Nicholas Fowler (Fowler) and Sergeant Jarray Adams (Adams) claiming Fowler assaulted him in retaliation for exercising his First Amendment rights and that Adams mishandled an investigation into the matter.  (ECF No. 20, Amended Complaint).  Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 17).

1

Before the Court is McCoy's declaration for entry of default. (ECF No. 26). Although labeled a "declaration" the Court will treat this filing as a motion for entry of default. Defendants filed a response, arguing that the motion should be denied. (ECF No. 30). For the reasons that follow, the undersigned RECOMMENDS that McCoy's motion be DENIED.

## II.     Legal Standard

When a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the Clerk must enter the party's default." Fed. R. Civ. P. 55(a). The Clerk's entry of default is "the first procedural step on the road to obtaining a default judgment." *Shephard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986). The second step is to file a motion for default judgment against the nonresponsive party under Federal Rule of Civil Procedure 55(b).

However, as defendants note in their response, lawsuits from incarcerated individuals such as McCoy are governed, in part, by 42 U.S.C. § 1997e of the Prison Litigation Reform Act (PLRA). Subsection (g)(1) of that statute, entitled "Waiver of reply," states that "Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility," that "such waiver shall not constitute an admission of the allegations contained in the complaint," and that "[n]o relief shall be granted to the plaintiff

2

unless a reply has been filed." The exception to this is that under subsection (g)(2), a court may require a defendant to reply to a complaint. The Court has not done so here. Further, courts have interpreted this section to mean that an incarcerated plaintiff is not entitled to default judgment against properly served defendants who have not filed an answer or other response. *See Vontz v. Monroe*, No. 2:19-CV-12735, 2021 WL 5629046, at *1 (E.D. Mich. June 22, 2021), *report and recommendation adopted*, 2021 WL 5587339 (E.D. Mich. Nov. 30, 2021); *Dye v. Hatton*, No. 17-10183, 2018 WL 3237228, at *1 (E.D. Mich. June 5, 2018), *report and recommendation adopted*, 2018 WL 3219752 (E.D. Mich. July 2, 2018); *Searcy v. Macomb Cty. Jail*, No. 2:10-CV-11242-DT, 2011 WL 7665794, at *1 (E.D. Mich. Sept. 21, 2011) (citing cases), *report and recommendation adopted*, 2012 WL 1230271 (E.D. Mich. Apr. 12, 2012).

### III.   Discussion

McCoy is not entitled to a default judgment for several reasons. First, he did not obtain the prerequisite Clerk's entry of default first. Second, even if his declaration is interpreted as a request for Clerk's entry of default, it still fails, because as explained above the PLRA does not allow a default judgment against defendants for failing to answer or otherwise respond to the complaint. Third, defendants have appeared in this case through counsel.

IV.

For the reasons stated above, the undersigned RECOMMENDS that McCoy's motion for default judgment, (ECF No. 26), be DENIED.

Dated: September 26, 2023  s/Kimberly G. Altman
Detroit, Michigan  KIMBERLY G. ALTMAN
United States Magistrate Judge

**NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 26, 2023.

s/Carolyn M. Ciesla<br>
CAROLYN M. CIESLA<br>
Case Manager