UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEONTE McCOY,

    Plaintiff,

v.

NICHOLAS FOWLER, and
JARRAY ADAMS,

    Defendants.

Case No. 2:22-cv-12237
District Judge David M. Lawson
Magistrate Judge Kimberly G. Altman

_____/

## **ORDER[1] DENYING PLAINTIFF'S MOTION TO ALTER AND AMEND THE COMPLAINT (ECF No. 34)**

### I.    Introduction

This is a prisoner civil rights case. Plaintiff Deonte McCoy (McCoy), proceeding *pro se*, is incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan. McCoy is suing Michigan Department of Corrections (MDOC) Corrections Officer Nicholas Fowler (Fowler) and Sergeant Jarray Adams (Adams) in their individual capacities, claiming Fowler assaulted him in retaliation for

---

[1] Under 28 U.S.C. § 636(b)(1)(A), the undersigned may resolve the motion to amend with an order because it is nondispositive. *See Armengau v. Warden, London Corr. Inst.*, No. 2:19-CV-1146, 2021 WL 1975321, at *2 (S.D. Ohio May 18, 2021) (explaining that "[a] majority of the courts to consider the issue have concluded that a magistrate judge's order on a motion to amend involves a nondispositive matter, subject to review for clear error.") (collecting cases).

1

exercising his First Amendment rights and that Adams mishandled an investigation into the matter. (ECF No. 20, Amended Complaint). Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 17).

Before the Court is McCoy's motion to alter and amend the complaint. (ECF No. 34). McCoy seeks to add official capacity claims against Fowler and Adams for their conduct under color of state law. (*Id.*). Defendants have not responded, and time for a response has passed. For the reasons that follow, McCoy's motion will be DENIED.

## II.   Legal Standard

Amendments to pleadings before trial are governed by Federal Rule of Civil Procedure 15(a). McCoy has amended his complaint once, (ECF No. 20), and can no longer amend his complaint as a matter of course under Rule 15(a)(1). Instead, he must proceed under Rule 15(a)(2), which requires either "the opposing party's written consent or the court's leave." The rule provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Because Rule 15(a)(2) directs courts to 'freely give leave when justice so requires,' the rule embodies a 'liberal amendment policy.' " *Brown v. Chapman*, 814 F.3d 436, 442-443 (6th Cir. 2016) (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)).

2

"Despite this policy, denial may be appropriate when there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.' " *Brown*, 814 F.3d at 443 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A proposed amendment is futile and may be denied if the additional claims would not survive a motion to dismiss. *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 782 (6th Cir. 2015); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

### III. Discussion

McCoy seeks to amend his complaint based on what he says is his prior misunderstanding of individual and official capacity suits. (ECF No. 34). He says that defendants are liable in their official capacities as well, based on their conduct under color of state law. (*Id.*). In his motion, he sets forth several MDOC Policy Directives that defendants are alleged to have violated, and in his proposed prayer for relief, requests that defendants be "sanctioned and properly disciplined by the [MDOC]." (*Id.*).[2]

---

[2] McCoy's motion does not follow E.D. Mich. LR 15.1, which provides that "[a] party who moves to amend a pleading shall attach the proposed amended pleading to the motion." McCoy has only provided an amended prayer for relief and civil complaint color sheet, presumably seeking to rely on the facts alleged in the

The Eleventh Amendment applies to a suit brought against a state by one of its own citizens. *Ex Parte Young*, 209 U.S. 123 (1908). The Eleventh Amendment describes the contours of sovereign immunity, providing that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. This means that "[t]he Eleventh Amendment bars § 1983 suits against a state, its agencies, and its officials sued in their official capacities for damages." *Cady v. Arenac Cty.*, 574 F.3d 334, 342 (6th Cir. 2009).

However, "federal courts [may] enjoin state officers in their official capacity from prospectively violating a federal statute or the Constitution." *Mich. Corr. Org. v. Mich. Dep't of Corr.*, 774 F.3d 895, 904 (6th Cir. 2014). "[T]he Eleventh Amendment does not preclude a suit against [state officers] for prospective injunctive relief." *McCormick v. Miami Univ.*, 693 F.3d 654, 662 (6th Cir. 2012) (citing *McKay v. Thompson*, 226 F.3d 752, 757 (6th Cir. 2000)); *see Ex Parte Young*, 209 U.S. at 129.

In order "[t]o state an official-capacity claim under § 1983 of the type that might entitle him to injunctive relief, the plaintiff needs to show that his claim is

---

amended complaint. However, E.D. Mich. LR 15.1 also provides that "[f]ailure to comply with this Rule is not grounds for denial of the motion.

4

not based entirely on past acts, and that there is a direct causal link between the alleged constitutional violation and an official policy or custom adopted by the official makers of the policy with 'deliberate indifference' toward the constitutional rights of persons affected by the policy or custom." *Green v. Howard*, No. 3:13-cv-20, 2013 WL 140609, at *5 (M.D. Tenn. Jan. 10, 2013) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)).

Allowing McCoy to amend his complaint to add official capacity claims would be futile. He has not shown that his claim is based on anything other than the past acts of defendants. Further, he has not asserted a policy or custom of the state that violated his rights. On the contrary, he asserts that defendants *failed* to follow MDOC policies in their alleged misconduct. Therefore, there is no reason to allow his official capacity claims to go forward. McCoy's amended complaint, (ECF No. 20), shall continue to govern the case.

## IV. Conclusion

For the reasons stated above, McCoy's motion to alter and amend the complaint, (ECF No. 34), is DENIED.

SO ORDERED.

Dated: November 17, 2023  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

5

## **CERTIFICATE OF SERVICE**

 The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 17, 2023.

            s/Carolyn M. Ciesla
            CAROLYN M. CIESLA
            Case Manager